IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00978-MSK-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DENNIS WAGNER,
CAROL WAGNER,
KEY BANK, and
FIRST COMMUNITY BANK,

      Defendants.

---

## OPINION AND ORDER DISMISSING DEFENDANT FIRST COMMUNITY BANK AND DENYING MOTIONS TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Dismiss

Defendant First Community Bank's ("FCB") Counterclaim **(# 10)**, FCB's response **(# 13)**, and the

Plaintiff's reply **(# 14)**; Defendant Dennis Wagner's Motion to Dismiss for Lack of Standing **(#**

**19)**, and the Plaintiff's response **(# 22)**; and Defendants Dennis Wagner and Carol Wagner's

Motion to Dismiss **(# 26)**, and the Plaintiffs' response **(# 30)**.

In this action, the Government alleges **(# 1)** that Defendant Dennis Wagner owes more

than $380,000 in unpaid income taxes, interest, and penalties. The Government states that it has

recorded tax liens against a parcel of real property owned by Defendant Dennis Wagner in

Larimer County, Colorado. Defendants Carol Wagner, Key Bank, and FCB are parties that may

1

also claim an interest in the property.  The Government seeks to reduce the outstanding tax liens to judgment and to foreclose upon the property in partial or full satisfaction of that judgment.

FCB Answered **(# 9)** the Government's Complaint and filed a counterclaim asserting a superior interest in the property as a result of a Deed of Trust it held on the property.  The Government moved **(# 10)** to dismiss the counterclaim, and thereafter, the Government and FCB entered into a stipulation **(# 33)** to dismiss FCB as a party to this action.  Although a stipulation to dismiss claims between parties does not require an order of the Court to effectuate it, Fed. R. Civ. P. 41(a), to the extent that the parties' Stipulation is deemed to be a motion requesting an order of dismissal, the Court grants that motion, and all claims between the Government and FCB in this action are dismissed.  Accordingly, the Government's Motion to Dismiss FCB's Counterclaim is deemed withdrawn.

Defendant Dennis Wagner filed a *pro se* document entitled "Petition To Strike/Dismiss for Lack of Standing and Supporting Affidavit" **(# 19)**, which this Court construes as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  Although the Court has attempted to interpret Defendant Dennis Wagner's *pro se* submission liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court confesses that it is unable to coherently interpret it.  Defendant Dennis Wagner appears to raise three arguments: (i) that the Government lacks standing, in that it "has not alleged the violation of a legal right" or an injury resulting from such a violation; (ii) that "without a corpus delicti, there is no crime"; and (iii) that this Court lacks subject matter jurisdiction as a result of the Government's lack of standing.  All three arguments are supported primarily by quotations from case headnotes or

general statements of hornbook law, but with no explanation as to how Defendant Dennis Wagner believes those principles apply here.

To have adequate standing, the Government must demonstrate three elements: an actual injury, the ability to trace that injury to conduct by the Defendant, and the ability to obtain legal redress for that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It is readily apparent that the Government has adequately alleged all three elements here. The Government's allegation that Defendant Dennis Wagner owes more than $380,000 in delinquent income taxes is sufficient to plead an actual injury to the Government caused by Defendant Dennis Wagner. 26 U.S.C. § 7403, which authorizes a suit in the District Court to enforce a tax lien, creates a remedy by which the injury to the Government can be redressed. That statute also provides for subject-matter jurisdiction in this Court. Defendant Dennis Wagner's references to a "corpus delicti" are irrelevant to the pleadings here, as he is not being charged with a crime. Accordingly, Defendant Dennis Wagner's Motion to Dismiss for Lack of Standing is denied.

Defendants Dennis and Carol Wagner (hereinafter, "the Wagners") also file a document captioned "Motion to Dismiss" **(# 26)**. Once again, the precise nature of this document is difficult to discern. It begins with an apparent invocation of the right to a jury trial under the 7th Amendment to the United States Constitution, then raises a number of questions[1] that the Wagners apparently intend to present as a factual and/or legal defense. The Wagners appear to

---

[1]The questions appear to be directed at the constitutionality of the income tax, among other things. The Court encourages the Wagners to consider *Charzuk v. C.I.R.,* 771 F.2d 471 (10th Cir. 1985), which disposes of many common arguments raised by taxpayers in this regard, and further warns of the possibility that sanctions could be imposed against taxpayers raising frivolous challenges. The Court also encourages the Wagners to consider innumerable other cases in this Circuit addressing similar issues, and, of course, also encourages them to consult professional counsel regarding these defenses.

suggest that the Court is prohibited by ethical canons and the principle of separation of powers from considering these questions, such that a jury trial is necessary. The Court construes this portion of the Motion to merely constitute a request for a jury trial on any issues so triable. The Wagners go on to state two "True Facts" – namely, that "not one government agent has been able to produce the facts showing for what privileged activity [the Wagners] are being taxed" and that "No government agent has provide the Wagners with a verified, true, and correct assessment of for the alleged tax." To the extent that these are elements that the Government must prove in support of its claim, the Government has alleged in the Complaint that Defendant Dennis Wagner has outstanding tax liability, and at the pleading stage of a case, this simple allegation is sufficient. *See e.g. Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (in considering a motion to dismiss, Court must treat the factual allegations in the Complaint as true). Accordingly, the Wagners' Motion to Dismiss is denied. If, after discovery, the Wagners continue to believe that the Government lacks the ability to demonstrate all of the elements of its claims, they may file a properly-supported motion for summary judgment pursuant to Fed. R. Civ. P. 56.

For the foregoing reasons, pursuant to the parties' stipulation, the claims between the Plaintiff and FCB are **DISMISSED**, and the caption of this case is **MODIFIED** to omit

Defendant First Community Bank. The Plaintiff's Motion to Dismiss Counterclaim (**# 10**) is

**DEEMED WITHDRAWN**. Defendant Dennis Wagner's Motion to Dismiss for Lack of

Standing (**# 19**), and the Wagners' Motion to Dismiss (**# 26**) are **DENIED**.

Dated this 3rd day of March, 2008

**BY THE COURT:**

*Marcia S. Krieger*

_____

Marcia S. Krieger
United States District Judge