IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00978-MSK-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS WAGNER,
CAROL WAGNER,
KEY BANK, and

    Defendants.

___

**OPINION AND ORDER GRANTING, IN PART,
MOTION FOR SUMMARY JUDGMENT**

___

**THIS MATTER** comes before the Court pursuant to the Government's Motion for Summary Judgment **(# 35)**, to which no responsive papers have been filed..

According to the Complaint **(# 1)**, Defendant Dennis Wagner has been assessed with unpaid income taxes, penalties, and interest for the tax years of 1995-2002, totaling $383,094.33 as of March 1, 2007. Dennis Wagner is an owner of real property located in Fort Collins, Colorado. (The other Defendants in this action possess some interest in the property that would be impaired by the relief requested by the Government.) As a result of the unpaid taxes, the Government has recorded liens on Dennis Wagner's interest in the property pursuant to 26 U.S.C. § 6321. The Government now seeks to reduce the outstanding tax liability to judgment, to foreclose upon the liens, and, eventually, to foreclose the liens by the sale of the property pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001.

The Government has moved for summary judgment (# 35) on its claim. It has come forward with competent evidence that Dennis Wagner received income from various sources in each of the tax years at issue, and that he has not paid taxes on this income. The record indicates that the amount of unpaid taxes, interest, and penalties is $412,649.06 as of February 28, 2008, with additional interest and penalties accruing from that date. The Government has produced evidence showing that Dennis Wagner holds title, as a joint tenant with Defendant Carol Wagner, in a parcel of real property located at 4820 Crest Road in Fort Collins, Colorado ("the Crest property"). The Wagners' interest in the Crest property is encumbered by a lien held by Defendant Key Bank. In 2004 and 2005, the Government recorded tax liens against Dennis Wagner's interest in the property, pursuant to 26 U.S.C. §6321.

The Government's motion requests the following relief: (i) a judgment against Dennis Wagner in the amount of $412,649.06, plus interest and penalties accruing after February 28, 2008; (ii) a declaration that "the United States has valid and subsisting federal tax liens . . . on all property and rights to property of Mr. Wagner . . ."; and (iii) "that the United States' tax liens encumbering the Crest property be foreclosed." However, at this time, the Government does not request an order directing the sale of the property. In a footnote to its motion, the Government states that it anticipates filing a future motion seeking "an order for the sale of the Crest property and a distribution of the proceeds in accordance with this Court's findings regarding the priority of the claimants' interests." The Court notes that nothing in the Government's instant motion requests any findings as to the scope or priority of any of the Defendants' interests in the Crest property.

No Defendant has responded to the Government's motion, and thus, the Court treats all of the facts therein as being undisputed.

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a

material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

26 U.S.C. § 7403(a) states that:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, [the Government] may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a). Upon proper notice to and joinder of any person claiming a lien or interest in the property at issue, 26 U.S.C. § 7403(b), the Court is required to "adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property." 26 U.S.C. § 7403(c). The Court "may decree a sale of such property," and distribute the proceeds "according to the findings of the court in respect to the relative interests of the parties[1] and of the United States." *Id.*

To establish the necessary predicates for relief under § 7403, the Government must show: (i) that Dennis Wagner is liable for unpaid taxes; (ii) that Dennis Wagner possesses an interest in certain property; (iii) the Government has effectuated a lien on Dennis Wagner's interest in that property as a result of such unpaid taxes; and (iv) that the interests of any other person holding an interest in the property can be adequately protected. *See generally U.S. v. Pottof*, 881 F.Supp. 482, 487 (D. Kan. 1995).

---

[1] 26 U.S.C. § 6323 extensively sets forth means for assessing the priority of the Government's lien as against others' interests in certain types of property.

Turning first to the question of whether the Government has come forward with adequate evidence to demonstrate that Dennis Wagner has liability to the Government for unpaid taxes, the Court finds that the Government has done so. The Government has supplied the Court with copious records, including records evidencing amounts paid as income to Dennis Wagner in each of the tax years at issue, and an affidavit by Maureen Neal that Dennis Wagner has not filed a tax return nor made any payments for any of the tax years in question. Ms. Neal states, supported by evidence in the record, that Dennis Wagner has unpaid tax liability, including accrued interest and penalties, of $412,649.06 as of February 28, 2008. The Defendants have come forward with no contradictory evidence on any of these points, and thus, the Court finds that the Government has established that Dennis Wagner has unpaid tax liability in that amount. *See generally U.S. v. Byock*, 130 Fed.Appx. 594, 595 (3d Cir. 2005) (unpublished).

Next, the Government has come forward with evidence that Dennis Wagner presently holds title to the Crest property, as a joint tenant with Defendant Carol Wagner. The Government has also come forward with evidence that Defendant Key Bank is the beneficiary of a Deed of Trust recorded against the property, securing a Promissory Note in the amount of $156,000, and that former Defendant First Community Bank is the beneficiary of a Deed of Trust against the property, securing a Promissory Note in the amount of 35,700.[2] As above, these facts are not disputed, and thus, the Court deems the Government to have established these facts.

---

[2] The Government represents that it reached a stipulation with former Defendant First Community Bank regarding their respective interests in this matter.

The record further reflects that the Government recorded liens with the Larimer County Clerk and Recorder, against Dennis Wagner's interest in the subject property on March 12, 2004 (as to tax years 1995-2001), and January 12, 2005 (as to tax year 2002).

Accordingly, the Court finds that the Government has carried its burden of establishing all of the necessary elements to determine the liability of Dennis Wagner for unpaid income taxes and the existence of liens recorded against the Crest property. As to those issues, the Government is entitled to summary judgment on its claim.

However, as stated previously, the Government's motion requests three forms of relief. First, the Government seeks a judgment against Dennis Wagner in the amount of $412,649.06, plus interest and penalties accruing after February 28, 2008. Although 26 U.S.C. § 7403 does not expressly identify an *in personam* judgment as an item of available relief, courts typically characterize the statutory action as being one to "reduce to judgment" an assessment of unpaid taxes. *See generally U.S. v. Dawes*, 161 Fed.Appx. 742, 744 (10th Cir. 2005) (unpublished); *U.S. v. Gosnell*, 961 F.2d 1518, 1519 (10th Cir. 1992). 26 U.S.C. § 7403(a) does appear to contemplate relief running *in personam* against the taxpayer, stating that a tax lien can be enforced against "any property, of whatever nature, of the [taxpayer], or in which he has any right, title, or interest." 26 U.S.C. § 7403(a). The Court sees no impediment to entering an *in personam* judgment in favor of the Government and against Dennis Wagner, and thus, this item of relief is granted. Within 15 days of the date of this Order, the Government shall submit a current statement of the outstanding liability of Dennis Wagner, including all interest and penalties accrued up to May 15, 2008. Upon such a filing, the Court will enter judgment in that amount.

Next, the Government requests a declaration "that the United States has valid and subsisting federal tax liens, by virtue of the assessments," against all of Dennis Weaver's property. It is unclear what authority provides for such a declaration, and in any event, it is unclear why such relief is necessary. Pursuant to 26 U.S.C. § 6321, a lien "automatically arises upon assessment of a tax and continues until the taxpayer's liability is satisfied"; in other words, no judicial action is necessary to create or sustain such a lien. *See Kyler v. Everson*, 442 F.3d 1251, 1252 (10th Cir. 2006). Nevertheless, insofar as no Defendant has opposed the Government's motion, the Court will so declare.

Finally, the Government requests "that the United States' tax liens encumbering the Crest property be foreclosed." This relief cannot be granted at this time, in light of the outstanding issues relating to the scope of the various Defendants' interests in the Crest property and the relative priority of the liens against Dennis Wagner's title. Based on the record before the Court, the Court cannot ensure that all of the interests of all of those holding interest in the property can be adequately protected in the event of a foreclosure sale. Therefore, relief in the form of foreclosure and sale is not awarded at this time.

Accordingly, the Government's Motion for Summary Judgment **(# 35)** is **GRANTED IN PART** and **DENIED IN PART**. Within 15 days of the date of this Order, the Government shall file an updated statement of the outstanding taxes, penalties, and accrued interest owed by Dennis Wagner as of May 15, 2008., and the Court will then enter judgment in favor of the

Government and against Dennis Wagner. Within 60 days of this Order, the Government shall file papers sufficient to address the remaining issues in this matter, failing which the case will be closed, subject to reopening by any party upon an appropriately-supported request.

Dated this 28th day of April, 2008

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge