IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Kathleen M. Tafoya, U.S. Magistrate Judge**

Civil Action No. 07-cv-00978-MSK-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS WAGNER,
CAROL WAGNER, and
KEY BANK,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff United States of America's "Motion for Entry of Default Judgment Against Key Bank" ("Mot." [Doc. No. 52, filed July 17, 2008].) The Motion was referred to this court for Review and Recommendation on July 17, 2008. [Doc. No. 53].

Plaintiff commenced this action against defendant Key Bank and others on May 11, 2007. [Doc. No. 1]. Key Bank (as successor to Home Savings and Loan Association of the Rockies) holds a trust deed as security for a first mortgage on 4820 Crest Road in Fort Collins, Colorado ("the Crest property"). (Doc. No. 37, Declaration of Maureen Neal Regarding Motion

for Summary Judgment, Exh. 14). Dennis Wagner and Carol Wagner are the borrowers on that first mortgage. (Compl., ¶ 17).

The complaint describes Key Bank's role in the case as, "Key Bank is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the property against which foreclosure is sought." (Compl., ¶ 7). The Complaint further states,

> On March 9, 1987, a deed of trust dated March 3, 1987, was recorded with the Larimer County Clerk and Recorder whereby the Taxpayer and Carol Wagner granted a mortgage on the Crest Property in favor of Home Federal Savings and Loan Association of the Rockies (predecessor to Bank of America Mortgage, and Key Bank) in the amount of $156,00.00.

(Compl., ¶ 17). The Key Bank trust deed securing a mortgage interest is unquestionably prior in time and filing to the tax liens which were perfected by the United States against Mr. Wagner dated March 12, 2004 and January 12, 2005. (Compl., ¶¶ 13, 14).

The relief sought in the Complaint is, in part,

> That the Crest Property be sold pursuant to 26 U.S.C. Section 7403 and 28 U.S.C. Section 2001, and that the proceeds of such sale be applied first to the costs of sale, second to satisfy the mortgage of Key Bank, third to satisfy the mortgage of First Community Bank, fourth to satisfy the one-half interest of Carol Wagner in the remaining proceeds from sale of the Crest Property, and fifth to the United States to satisfy its federal tax liens against the Taxpayer;

(Compl., Prayer for Relief, Section D). The Complaint does not seek affirmative relief from Key Bank and, in fact, sets forth an intention to protect and preserve the mortgage trust deed of Key Bank in any foreclosure undertaken by this court.

Personal service of process on Key Bank was completed on May 14, 2007. [Doc. No. 8]. Key Bank was required to respond or otherwise plead in this action no later than June 4, 2007.

Fed. R. Civ. P. 12(a)(1)(A). Defendant Key Bank has not filed an answer or otherwise responded to the Complaint, or appeared in any other manner before the court in this case. On June 24, 2008, the Clerk of Court entered default against Key Bank at the request of the United States. [Doc. No. 49, 50].

In the interim, District Court Judge Marcia Krieger entered an Opinion and Order granting the Government's summary judgment motion in part. ("Order" [Doc. No. 46, entered April 29, 2008].) The court found in favor of the Government that the United States' federal tax liens against Defendant Dennis Wagner should be reduced to judgment and that the lien may attach to all of Defendant Dennis Wagner's interest in the real property located at 4820 Crest Road in Fort Collins, Colorado. (*Id*. at 5-6). Thereafter the court entered judgment against Dennis Wagner in favor of the United States in the amount of $417,992.62. [Doc. No. 48, Judgment, filed June 3, 2008].

The Court did not grant summary judgment with respect to the United States' foreclosure claim, ordering instead that the United States file papers regarding the parties' interests in the Crest Property so as to allow the Court to make a determination regarding the priority and extent of the claimants' interests in such property within sixty days of the Order. (Order at 7).

The Government filed a status report and therein stated, "In the future, the United States will file a motion for default judgment against Key Bank. In the event such motion is granted, Key Bank's interest in the Crest Property will be extinguished without payment." The United States set forth no authority for this blanket statement.

3

In the United States' "Stipulation for Dismissal of First Community Bank," the United States agreed that in the case of First Community Bank, who held a valid and recorded second mortgage secured by the Crest Property, "[t]he United States agrees that the security for the Note, specifically Bank's mortgage and its trust deed, have priority over the United States' federal tax liens encumbering the Crest Property." (See Doc. No. 31, ¶ 6)

In its motion for default judgment the United States does not address why the primary lien, the first mortgage held by Key Bank, should be extinguished as a result of Key Bank's failure to appear in an action against a taxpayer which was brought by "[t]he Government now seek[ing] to reduce the outstanding tax liability to judgment, to foreclose upon the liens, and, eventually, to foreclose the liens by the sale of the property." (Order at 1). The United States does not provide authority or support for a position that, if Key Bank fails to appear in this case, a foreclosure of the tax lien by this court, the tax lien admittedly being fifth in line of entitlement (Compl., Prayer for Relief, Section D), would "extinguish" Key Bank's lien "without payment." The United States does not address why Key Bank would not be entitled to rely upon the representation of the United States in the Complaint that Key Bank would have first position (after costs of sale) in any foreclosure of the tax lien, whether or not Key Bank appeared in the case; especially in light of the fact the case was brought for the purpose of obtaining a judgment against Dennis Wagner, not for the purpose of challenging Key Bank's lien supremacy in a foreclosure.

Wherefore,

The United States is **ORDERED** to submit and file further briefing on the issues raised in this ORDER on or before September 8, 2008.

Dated this 28th day of August, 2008.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge