IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00978-MSK-KMT


UNITED STATES OF AMERICA,

      Plaintiff,

v.

DENNIS WAGNER,
CAROL WAGNER, and
KEY BANK,

      Defendants.

---

**ORDER**

---

       This matter is before the court on Plaintiff United States' "Motion to Amend Complaint."

[Doc. No. 58, filed September 5, 2008]. No party has filed a response.

       Plaintiff commenced this action against defendant Key Bank and others on May 11,

2007. [Doc. No. 1]. Key Bank (as successor to Home Savings and Loan Association of the

Rockies) holds a trust deed as security for a first mortgage on 4820 Crest Road in Fort Collins,

Colorado ("the Crest property"). (Doc. No. 37, Declaration of Maureen Neal Regarding Motion

for Summary Judgment, Exh. 14). Dennis Wagner and Carol Wagner are the borrowers on that

first mortgage. (Compl., ¶ 17). The United States sought to reduce its tax liens against Dennis

Wagner to judgment and then foreclose upon the Crest property.

The complaint describes Key Bank's role in the case as, "Key Bank is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the property against which foreclosure is sought." (Compl., ¶ 7). By statute, the United States was required to name any party that may have an interest in the subject property sought to be foreclosed in this action. *See* Title 26 U.S.C. §7403(b). The Complaint further states,

> On March 9, 1987, a deed of trust dated March 3, 1987, was recorded with the Larimer County Clerk and Recorder whereby the Taxpayer and Carol Wagner granted a mortgage on the Crest Property in favor of Home Federal Savings and Loan Association of the Rockies (predecessor to Bank of America Mortgage, and Key Bank) in the amount of $156,00.00.

(Compl., ¶ 17). However, although Key Bank was served with the summons and complaint in this action and has been contacted on several occasions by the United States, Key Bank has failed to participate in the case, respond to the summons and complaint and failed to acknowledge or rejoin the United States' attempts to clarify Key Bank's interest in the property. Therefore, "the United States seeks to amend the Complaint to clarify and rephrase the language in the body of the Complaint and in the prayer for relief, and to add Home Federal Savings and Loan Association of the Rockies ("Home"), the record beneficiary of the first trust deed, as a defendant." (Motion at 1).

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir. 1983).

On June 3, 2008, in response to the United States' Motion for Summary Judgment Against Defendant Dennis Wagner, the Court reduced the federal income tax assessments to judgment in the amount of $417,992.62. [Doc. No. 48]. The only remaining claim in this action is the foreclosure of the Crest Property. Having the proper parties before the court is imperative to ensure the title to the property is not left clouded. Title 26 U.S.C. §7403 states, with respect to the use of property to satisfy outstanding tax liabilities:

> [t]he court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and ... may decree a sale of such property ... and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

*Id.* Allowing the filing of the Amended Complaint will guard against undue prejudice to any party in interest and ensure equitable distribution of the proceeds from a foreclosure sale.

Wherefore, it is **ORDERED**

United States' Motion to Amend Complaint  [Doc. No. 58] is **GRANTED**.  The

"Amended Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal

Tax Liens," attached to Motion as Doc. No. 58-2  shall be filed by the Clerk of Court.

Dated this 14th day of October, 2008.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge