IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00978-MSK-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DENNIS WAGNER,
CAROL WAGNER, and
KEY BANK,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case comes before the court on Plaintiff United States' "Motion for Order of Foreclosure and Sale" ("Motion") [Doc. No. 73, filed July 28, 2009].  No response or objection was filed.  The Court has reviewed the Motion, the entire case file and applicable case law and has determined that this Motion is ripe for review and recommendation.

**BACKGROUND**

According to the Complaint [Doc. No. 1], Defendant Dennis Wagner has been assessed with unpaid income taxes, penalties, and interest for the tax years of 1995-2002, totaling $383,094.33 as of March 1, 2007.  Dennis Wagner is an owner of real property located at 4820 Crest Road, Fort Collins, Colorado 80526, with a legal description of

> Tract 3, Brookwood Estates, located in a portion of the NE 1/4 of Section 2,Township 6 North, Range 69 West of the 6th P.M., Larimer County, Colorado, according to the recorded Plat thereof; TOGETHER WITH 16/100ths of one share of Pleasant Valley and Lake Canal Company, and one sewer tap on the South Fort Collins Sanitation District.

Mot. at 1.

The Government brought this suit and sought a judgment from the court reducing the outstanding tax liability to judgment. As part of its Motion for Summary Judgment [Doc. No. 35] the Government presented competent evidence that Dennis Wagner received income from various sources in each of the tax years at issue, and that he had not paid taxes on this income. In 2004 and 2005, the Government recorded tax liens against Dennis Wagner's interest in the property, pursuant to 26 U.S.C. §6321.

The District Court granted the Motion for Summary Judgment [Doc. No. 46] and judgment was entered in favor of the Government and against Dennis Wagner in the amount of $417,992.62, with interest accruing pursuant to 28 U.S.C. §1961(c)(1) and 26 U.S.C. § 6621 from May 15, 2008 until paid in full. [Doc. No. 70, entered March 30, 2009.] Relief in the form of a foreclosure on the property was not granted at that time because the Court could not "ensure that all of the interests of all of those holding interest in the property [] be adequately protected in the event of a foreclosure sale." [Doc. No. 46 at 7.]

The United States, as part of its showing on summary judgment, produced evidence showing that Dennis Wagner holds title, as a joint tenant with Defendant Carol Wagner, in the real property. All other lienholders on the property have disclaimed any interest in the real property, leaving the United States as the only remaining leinholder in first position. (See Doc.

No. 65, disclaimer as to Key Bank[1]; Doc. No. 71, disclaimer as to Colorado Department of Revenue; Doc. No. 72, disclaimer as to First Community Bank.)  The United States has conceded that pursuant to Carol Wagner's "interest in the Crest Property, Carol Wagner is entitled to one-half of the proceeds from the sale after payment of costs of sale and property and other local taxes . . . ."[2]  (Mot. at 2.)  The United States requests that if the order of foreclosure is granted the distribution of the sale proceeds from the sale of the real property will be awarded: 1) to the IRS for the costs of the sale; 2) to pay all taxes unpaid and matured that are owed (to county, borough or school district) for the real property taxes and any other unpaid local taxes; and 3) to the extent there are any remaining funds to be split equally between the United States to partially satisfy the outstanding judgment, plus all interest and penalties due and owing thereon, against Dennis Wagner and to Carol Wagner in full satisfaction of her interest in the real property.  (Mot. at 3.)

---

[1] Key Bank was successor in interest to Home Federal Savings & Loan Assoc. of the Rockies ("Home").  Home was dismissed from the case when it was determined Home had no retained interest in the property. [Doc. Nos. 67 & 68.]

[2] The United States' Motion incorrectly states that Carol Wagner is still subject to a claim against the property of First Community Bank (Mot. at 2, sub. (2)).  However, the disclaimer of interest filed by First Community Bank states that "on June 26, 2009, First Community Bank was paid in full by Dennis and Carol Wagner on the promissory note secured by an interest in the subject real property." [Doc. No. 72 at 1.]

*ANALYSIS*

Once a lien is established pursuant to Title 26 U.S.C. § 6321, Title 26 U.S.C. § 7403 authorizes a sale of the property to satisfy the delinquent taxpayer's debt.  Title 26 U.S.C. § 7403 provides, in relevant part,

> in all cases where a claim or interest of the United States therein is established, [the court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

*Id.*  The Tenth Circuit has found that § 7403 confers "flexibility and broad discretion upon the courts in fashioning a remedy thereunder," and that § 6321 does not automatically require that a foreclosure sale be held pursuant to § 7403.  *United States v. Hershberger*, 475 F.2d 677, 679 (10th Cir. 1973) (finding that "§ 6321 imposes a lien upon delinquent taxpayer's real and personal property, but it does not necessarily follow that § 7403(c) requires the courts to satisfy this lien via a tax foreclosure sale. . . .Emphasized another way, when the matter is before the court, Congress intends the court to exercise equitable powers in rendering its decision."); *see also United States v. Eaves*, 499 F.2d 869, 871 (10th Cir. 1974) (finding that "Section 7403 has traditionally been interpreted as conferring flexibility and broad discretion upon the courts in fashioning a remedy thereunder.

The United States has tendered a proposed Order of Foreclosure and Sale and the terms set forth for the sale appear reasonable.  Neither Defendant Dennis Wagner nor Carol Wagner have raised any issue concerning sale of the real property at foreclosure.  The other former

lienholders have all disclaimed interest in the property. It is equitable that a forced sale of the property be undertaken to partially satisfy the judgment and lien held by the United States attributable to the taxpayer's interest.

Therefore, this court respectfully **RECOMMENDS**

The United States' "Motion for Order of Foreclosure and Sale" [Doc. No. 73] be **GRANTED** and that this court enter an Order of Foreclosure for the property commonly known as 4820 Crest Road, Fort Collins, Colorado 80526 as more particularly described by legal description herein.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of October, 2009.

**BY THE COURT:**

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge