IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00978-MSK-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DENNIS WAGNER,
CAROL WAGNER,
KEY BANK, and
COLORADO DEPARTMENT OF REVENUE,

      Defendants.

_____

# ORDER
_____

      This matter is before the court on interested party, BAC Home Loans Servicing, L.P.'s ("BAC") "Renewed Motion of BAC Home Loans Servicing, L.P. to Intervene" [Doc. No. 98] filed March 25, 2011.  The plaintiff submitted its "Response to Motion to Intervene" [Doc. No. 101] on April 7, 2011, and BAC filed a "Reply to Response to Renewed Motion of BAC Home Loans Servicing, L.P. to Intervene" ("Reply") on April 25, 2011 [Doc. No. 103].  Thereafter, on May 9, 2011, the United States filed a "Surreply to Reply to Response to Motion to Intervene." [Doc. No. 107.]  The issues are ripe for review and ruling.

      *Background*

      This civil action was brought by the United States to reduce to judgment outstanding federal tax liabilities assessed against Dennis Wagner and to foreclose federal tax liens on real

property commonly known as 4820 Crest Road, Fort Collins, Colorado 80526 ("Crest Road"). The original Complaint named as defendants along with Dennis and Carol Wagner, Key Bank and First Community Bank, entities identified as having possible interests in the property. The United States, in the body of the complaint, asserted that Home Federal Savings and Loan Association of the Rockies, the named beneficiary of the deed of trust encumbering Crest Road, was a predecessor entity to "Bank of America Mortgage." (Compl. [Doc. No. 1] at ¶ 17.) In spite of that allegation, Bank of America Mortgage was not a named defendant.

Key Bank was served on May 14, 2007 [Doc. No. 8], but had not entered an appearance prior to the Scheduling Conference held September 11, 2007, and did not appear represented at the conference. (*See* Scheduling Order [Doc. No. 16].) In the Scheduling Order, the plaintiff asserted the following: Crest Road was subject to a warranty deed dated November 20, 1975, transferring Crest Road from Everitt Enterprises, Inc. to Dennis and Carol Wagner. *Id.* at 3. On March 9, 1987, a deed of trust dated March 3, 1987, was recorded with the Larimer County Clerk and Recorder whereby Dennis and Carol Wagner granted a mortgage on Crest Road in favor of Home Federal Savings and Loan Association of the Rockies in the amount of $156,00.00. *Id.*; (*See also* Declaration of Maureen Neal, Ex. 14 [Doc. No. 37-14].) On October 28, 1994, a deed of trust dated October 26, 1994, was recorded with the Larimer County Clerk and Recorder whereby Dennis and Carol Wagner granted a mortgage on Crest Road in favor of First Community Industrial Bank (predecessor to First Community Bank) in the amount of $35,700.00, creating a second trust deed on Crest Road. *Id.*; (*See also* Stipulation for Dismissal of First Community Bank [Doc. No. 31] at 2.)

On June 23, 2008, the United States moved for and received entry of default against Key Bank. [Doc. Nos. 49, 50.] On June 27, 2008, the United States filed a status report outlining its understanding of the interested claimants in Crest Road. The United States did not mention any claims or interests potentially held by "Bank of America Mortgage." [Doc. No. 51.] On August 28, 2008, this court issued an order stating in part

> [i]n its motion for default judgment the United States does not address why the primary lien, the first mortgage held by Key Bank, should be extinguished as a result of Key Bank's failure to appear in an action against a taxpayer which was brought by "[t]he Government now seek[ing] to reduce the outstanding tax liability to judgment, to foreclose upon the liens, and, eventually, to foreclose the liens by the sale of the property." The United States does not provide authority or support for a position that, if Key Bank fails to appear in this case, a foreclosure of the tax lien by this court, the tax lien admittedly being fifth in line of entitlement (Compl., Prayer for Relief, Section D), would "extinguish" Key Bank's lien "without payment." The United States does not address why Key Bank would not be entitled to rely upon the representation of the United States in the Complaint that Key Bank would have first position (after costs of sale) in any foreclosure of the tax lien, whether or not Key Bank appeared in the case; especially in light of the fact the case was brought for the purpose of obtaining a judgment against Dennis Wagner, not for the purpose of challenging Key Bank's lien supremacy in a foreclosure.

[Doc. No. 55 at 4.] In response to the court's concerns, on September 5, 2008, the United States filed "Response to Order" [Doc. No. 56] and stated,

> The United States named Key Bank as a defendant in this action because the United States believed that Key Bank was the successor in interest to the trust deed originally issued in favor of Home Federal Savings and Loan Association of the Rockies ("Home"). The belief that Key Bank is the successor to Home was not based on anything appearing in a title report; *in fact no document demonstrating a transfer of the beneficial interest in the trust deed from Home to Key Bank appeared in the title report on the Crest Property.* Rather, the United States' belief that Key Bank was the successor to Home was based on research regarding bank acquisitions and mergers, including telephone calls with various individuals. This belief that Key Bank is the successor in interest was confirmed

>by Defendant Carol Wagner during her deposition. See Deposition of Carol Wagner, pg. 22.1[1]

*Id.* at 2 (emphasis added). The United States further advised that it had sent letters to Key Bank's legal department along with copies of relevant documents on August 31, 2007, and June 9, 2008, as well as serving the summons and complaint in an attempt to correctly structure the lienholders on Crest Road. *Id.* at 3. Ultimately, the United States determined it would be necessary to serve a subpoena for documents and testimony upon Key Bank to clear up whether or not Key Bank held a legitimate interest in the property. *Id.* at 4. The United States admitted that Key Bank's first priority interest in Crest Road was "in considerable doubt." *Id.* at 5. On the same date, September 5, 2008, the United States moved to amend the complaint, adding as defendants First Community Bank (which it had previously dismissed), Home Federal Savings and Loan Association of the Rockies and Colorado Department of Revenue. [Doc. No. 58.] Once again, in spite of mentioning on at least two occasions an association between Crest Road and Bank of America, no Bank of America affiliate was among the newly proposed defendants.

In a status report filed by the United States on January 8, 2009 [Doc. No. 66], plaintiff advised the court,

> On December 16, 2008, in response to a subpoena for documents and deposition testimony, Defendant Key Bank's legal counsel appeared at the deposition site at the designated time and informed the undersigned counsel that they were diligently working towards determining their interest, if any, in the Crest

---

[1] The United States asked Carol Wagner who held her first trust deed and she replied, "Key Bank." Wagner was next asked, "is Key Bank the successor to Bank of America and Home Savings & Loan of the Rockies?" to which she responded, "Yes, I believe so." [Doc. No. 57-1 at 22.]

> Property. On December 22, 2008, Defendant Key Bank filed a Disclaimer of Interest in Real Property, explaining that Key Bank was the transferee of the first trust deed executed by Defendants Dennis and Carol Wagner in favor of Home Federal Savings and Loan Association of the Rockies.

*Id.* Apparently no documents were produced in response to the subpoena. Key Bank, in its "Disclaimer of Interest" [Doc. No. 65], simply asserted, "that [it] is the successor in interest to Home Federal Savings and Loan Association of the Rockies, as to the Deed of Trust dated March 3, 1987 . . . ." No documentary proof of Key Bank's assertion has, to date, been produced or attached to any filings in this case. Nevertheless, based upon Key Banks naked assertion, the United States moved to dismiss Home Federal Savings & Loan Association of the Rockies.

After Key Bank filed its disclaimer, believing that all interests had been represented in the case, this court recommended that the District Court grant the Order of Foreclosure for Crest Road. [Doc. No. 75.] The recommendation was adopted and the order signed by the District Court. [Doc. No. 77.] After the property was sold funds from the sale were deposited with the court in increments concluding on or about December 9, 2010. (*See* United States' Motion for Confirmation of Sale and Distribution of Proceeds" [Doc. No. 88] at 3.)

The Clerk was directed to close the case on February 9, 2010 [Doc. Nos. 77, 78] and the United States requested approval for disbursement of funds on February 18, 2011 [Doc. No. 88]. The court ordered any response to the Motion for Disbursement to be filed on or before March 11, 2011. [Doc. No. 89.]

BAC Home Loans Servicing, L.P. ("BAC") filed its first Motion to Intervene and a Response to the United States' Motion for Disbursement on March 11, 2011[2], claiming for the first time that it, not Key Bank, is the beneficiary of the first deed of trust on Crest Road. [Doc. Nos. 90, 91.] BAC claimed it had received no notice nor did it have knowledge of the litigation until the Wagner defendants' loan went into default and foreclosure was contemplated in December 2010. [Doc. No. 90 at 3.] BAC claimed that once the matter was placed into a foreclosure posture, it undertook an examination of public title records and, in late December 2010, discovered the existence of a Notice of Lis Pendens recorded by the United States. *Id.* BAC states that as a result of BAC's internal policies in the ensuing weeks, foreclosure proceedings as to all of BAC's defaulted loans were placed on hold for January and February, after which time an analysis of the interest in the Crest Road property was undertaken and BAC determined its lien was "still a viable and valid first lien." *Id.*

On March 25, 2011, the United States filed its Motion to Bifurcate the issue of sale confirmation from the issue of proceeds distribution. [Doc. No. 97.] The Court granted this motion and entered an Order confirming the sale. [Doc. No. 100.]

The United States opposes BAC's intervention in the case at this late date, alleging that after being given at least two opportunities, BAC has failed to present any evidence that it has an interest in the property to counter Key Bank's affirmative statement that it was successor in

---

[2] BAC's original motion to intervene was denied for failure to comply with D.C.Colo.LCivR 7.1.A. Thereafter BAC filed a renewed Motion to Intervene on March 25, 2011. [Doc. No. 98.]

interest to the trust deed by virtue of the mortgage executed in 1987 by the Wagners.  The United States argues that since BAC is well-aware that its assertion of a lien is at odds with Key Bank's statement of interest,  BAC should be able to produce evidence of the acquisition of the trust documents.

### *Legal Standards*

Fed. R. Civ. P. 24(a)(2) provides, in relevant part

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Id.*  Rule 24(a)(2) entitles a movant to intervene in a federal case as of right if: (1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest.  *Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of the Interior,* 100 F.3d 837, 840 (10th Cir. 1996); *see also Encina v. Heat & Control, Inc.*, Case No. 10-cv-02156-PAB-KMT, 2011 WL 662781 (D. Colo. Feb. 11, 2011).  The Tenth Circuit has shown a preference to follow "a somewhat liberal line in allowing intervention."  *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009); *WildEarth Guardians v. Salazar*, Case No. 10-cv-02129-AP, 2011 WL 9284, at *4 (D. Colo. Jan. 3, 2011).  The factors of Rule 24(a)(2) are

intended to "capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation . . . [and] . . . are not rigid, technical requirements." *San Juan Cnty. v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007).

*Analysis*

*1.     Timeliness*

"The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).  Since the Rule is silent as to what constitutes a timely application, "the question must be answered in each case by the exercise of the sound discretion of the trial court." *Lumbermens Mut. Cas. Co. v. Rhodes*, 403 F.2d 2, 5 (10th Cir. 1968).  "While it is true that an application for intervention must be timely, '[t]imeliness is to be determined from all the circumstances,' and 'the point to which the suit has progressed . . . is not solely dispositive.'" *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990) (quoting *NAACP v. New York*, 413 U.S. 345, 365-66 (1973)); *see also Holland & Hart LLP v. Mills*, Case No. 08-cv-01408-REB-MEH,  2009 WL 3046318, at *1 (D. Colo. Sept. 22, 2009).  Among the factors to be considered are "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *United States v. N. Colo. Water Conservancy Dist.*, 251 F.R.D. 590, 596 (D. Colo. 2008).

The evidence in this case reveals that the plaintiff had cause to believe from the beginning of the litigation that some entity associated with Bank of America might have an

interest in the property. This information, however, was based solely on known or reported bank acquisition data and not on any specific knowledge about this particular trust deed.

Additionally, Key Bank, the party initially named as successor to the holder of the first position mortgage deed of trust, did not immediately step to the fore to assert its status as to the property interest. Even though it was served as a defendant in the lawsuit, Key Bank actually had to be subpoenaed—and then only after the court questioned the propriety of extinguishing a property interest on default judgment—before it located any information about the property. At a minimum, the plaintiff should have been on notice that Key Bank was not behaving like an entity with a significant interest in the sale proceeds of a foreclosed residential property. Nonetheless, the plaintiff did not require Key Bank to produce any documentation of Key Bank's interest before accepting its disclaimer. Although the complaint was amended during the period of Key Bank's loitering, neither BAC nor any other Bank of America entity was put on notice by virtue of being served as a defendant.

BAC asserts that it did not become aware of any litigation concerning the property until the loan went into default and the bank was considering foreclosure in December of 2010, approximately three months prior to filing its initial Motion to Intervene. BAC submits a "payment history" print out for account number *9665 which indicates that "regular payments" were being made on Crest Road as late as July 23, 2010 presumably by or on behalf of the Wagner defendants. Further, BAC funded payments for taxes and insurance from escrow accounts associated with the Wagners' loan on February 2, 2011 and March 18, 2011,

respectively. (Reply, Ex. B at 7.) The court finds that BAC meets the timeliness requirements for intervention in the suit.

### 2. *Interest*

The interest element is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *WildEarth Guardians v. National Park Service*, 604 F.3d 1192, 1198 (10th Cir. 2010). The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court. *Id.*; *see also Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir.2001).

There appears to be no disagreement that no recorded document puts the public on notice of BAC's alleged interest in the property. To date, BAC has not produced unequivocal documentation evidencing their interest in the property. Instead, BAC has submitted the aforementioned data compilation denoting "payment history" associated with a loan apparently secured by Crest Road. (Reply, Ex. B.) That document, however, stands alone without any supporting affidavit or declaration by which it might be authenticated nor is there an accompanying explanation of why or how the "payment history" reflects ownership of a lien against the property rather than simple payment processing by a service agent.[3]

---

[3] In fact the cover page of Ex. B states, "This communication is from BAC Home Loans Servicing, LP, the Bank of America company that <u>services</u> your home loan." *Id.* (emphasis added).

While the "payment history" document alone may be insufficient to establish conclusively BAC's interest in the property, it does support an association of some kind between BAC and 4820 Crest Road, Fort Collins, CO 80526 (referred to in Ex. B as "Property Address") as well as an association between BAC, Crest Road and "Dennis L. Wagner & Carol L. Wagner" persons listed on Exhibit B above the heading "About Your Loan." (*Id.* at 1.) The "loan" referred to in the exhibit has a remaining principal balance of $61,896.56 as of March 18, 2011, and the data compilation shows continuous activity from January 17, 2006, through that end date. (*Id.* at 7.) This is considerably more information than the plaintiff received from Key Bank in terms of the interest the bank asserted and subsequently disclaimed. The amount of the remaining loan is not insignificant, leaving the court to conclude that if Key Bank was the true party in interest regarding the Wagner mortgage, it is unlikely it would have simply turned its back on a fairly unencumbered method of collection in conjunction with a government foreclosure of junior liens. The reasonable inference is that Key Bank divested whatever interest it may have had in the property prior to being served with the Complaint herein. No current party, including the Wagners, has ever asserted that this loan was paid in full. Therefore, the logical conclusion is that a bona fide holder of the deed of trust associated with the original mortgage exists. The sole and only proof of the identity of that lienholder has come from BAC.

The Tenth Circuit has held that "the interest requirement [of Rule 24(a)(2)] is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1392 (10th Cir 2009) (citing *San Juan Cnty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007). "At minimum, the applicant

must have an interest that could be adversely affected by the litigation." *Id.*  A threat of economic injury from the outcome of the litigation suffices as a requisite interest under Rule 24(a).  *Id.* at 1393 (*citing WildEarth Guardians*, 573 F.3d at 996).

The court finds that while the evidence before it at this juncture may not conclusively entitle BAC to participate in the distribution of the proceeds from the foreclosure sale on Crest Road, it is sufficient to allow intervention so that the ownership of the property interest can be fully vetted.

### 3. *Impairment*

"[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *WildEarth Guardians*, 604 F.3d at 1199.  "[T]he mere availability of alternative forums is not sufficient to justify denial of a motion to intervene" because "at most," participating in a new proceeding "would not provide the level of protection to the intervenors' interests that the current plan offers." *See Clinton*, 255 F.3d at 1254.  In fact, for purposes of Rule 24(a)(2), sufficient impairment may result even from the "*stare decisis* effect*" of a district court's judgment. *Utahns For Better Transp. v. DOT*, 295 F.3d 1111, 1116 (10th Cir. 2002); *Coalition*, 100 F.3d at 844.  A court "may consider any significant legal effect in the applicant's interest and [is] not restricted to a rigid res judicata test." *Id.* (internal punctuation and citation omitted).

Again, the evidence from the "payment history" exhibit shows the principal balance remaining on a loan allegedly secured by Crest Road to be $61,896.56.  (Reply, Ex. B.)  If BAC is not allowed to intervene in the case, the entire proceeds from the sale of Crest Road will be

distributed to other lienholders, including the plaintiff and Carol Wagner, parties whose interests are inferior to that of the current holder of the deed of trust originally held by Home Federal Savings and Loan Association of the Rockies.

To vindicate its interests if intervention is not allowed, BAC may have some recourse against Key Bank who stated they were the successor in interest to Home Federal Savings and Loan Association of the Rockies and then disclaimed any interest in the proceeding. The problem, however, is that Key Bank may well have been successor in interest to Home Federal Savings and Loan Association of the Rockies. It may also be true that, at the time it was served as a defendant in this case, Key Bank no longer held an interest in the property whether by means of sale, bank takeover or other transaction(s). Therefore, Key Bank would have been entirely justified in disclaiming any interest in Crest Road.

None of the actions taken by Key Bank negate the possibility that BAC is the current holder of the original mortgage interest in Crest Road. Key Bank was served in this action on May 14, 2007 [Doc. No. 8]. BAC's Exhibit B shows receipt of "regular payments" associated with a loan secured by Crest Road beginning January 17, 2006. Key Bank's lethargy with respect to an interest in Crest Road could have been, and perhaps should have been, considered by the United States a signal that the proper entity had not yet been joined in the action.

Therefore, the court finds that BAC has demonstrated a potentially insoluble impairment to its interests—if such interest is ultimately proven—should it not be allowed to intervene.

### *4.     Inadequate Representation*

The inadequate representation element of Rule 24(a)(2) analysis presents a minimal burden on a potential intervenor. The movant must show only the possibility that representation may be inadequate. *See Utahns*, 295 F.3d at 1117. "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Id.* The Tenth Circuit has repeatedly recognized that it is "on its face impossible" for a government agency to carry both the task of protecting the public's interests and the private interests of a prospective intervenor. *Id.*; *see also WildEarth Guardians*, 573 F.3d at 996; *Clinton*, 255 F.3d at 1255. Where a government agency may be placed in the position of defending both public and private interests, the burden of showing inadequacy of representation is satisfied. *See Utahns*, 295 F.3d at 1117.

In this case, the United States is attempting to collect tax liens, a public interest. As for the private interests, the United States cannot, by law, adequately protect BAC's private interest. Clearly, Key Bank did not adequately represent the interests of the current holder of the property interest that began life as a deed of trust dated March 3, 1987, which Dennis and Carol Wagner granted as a mortgage on Crest Road in favor of Home Federal Savings and Loan Association of the Rockies to secure an original debt in the amount of $156,000.00. After failing to respond to original service in the lawsuit, Key Bank thereafter disclaimed any interest in Crest Road with no further advisement of how their interest came to be extinguished. Key Bank provided no signpost directed to the current holder of the secured interest. It is abundantly clear that no one has adequately represented BAC's claimed interest.

### 5.     *Additional Considerations*

The court notes that no pleading was filed with BAC's Renewed Motion to Intervene as required by Rule 24(c). The purpose of the rule requiring the motion to be accompanied by a pleading setting forth the claim or defense is "to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami Cnty. Nat. Bank of Paola, Kan. v. Bancroft,* 121 F.2d 921, 926 (10th Cir. 1941) While such an omission can be fatally defective, *see Shell v. Henderson*, Case No. 09-cv-00309-MSK-KMT, 2010 WL 2802651, at *1 (D. Colo. July 15, 2010), the court does not find it to be so in this case, since the Motion and the Reply filed by BAC have adequately informed the court and addressed the factors necessary to justify intervention of right.

### *Conclusion*

Intervention of right pursuant to Fed. R. Civ. P. 24(a)(2) is not permissive; the court must permit anyone to intervene who meets the criteria of subsection (2). Having found that BAC has met the component requirements of the Rule, the court need not address whether the intervention will unduly delay the proceedings or prejudice the rights of the original parties. However, it is noteworthy that Defendant Carol Wagner, who may have claims on certain of the foreclosure proceeds since she has not incurred the tax burdens the plaintiff seeks to redress, must have known to whom she was submitting monthly payments as late as July 2010. Additionally, the plaintiff, United States, ignored several valiantly waving red flags suggesting a party in interest was missing from the litigation table. Both plaintiff and Carol Wagner had much to gain by the

stealthy eradication of the first deed of trust and the resulting enrichment of available funds to be distributed.

It is therefore **ORDERED**

The "Renewed Motion of BAC Home Loans Servicing L.P. to Intervene" [Doc. No. 98] is GRANTED. The Clerk of the Court is directed to add BAC Home Loans Servicing L.P. as a Defendant in this action.

It is further **ORDERED**

BAC Home Loans Servicing L.P. shall file its Answer **on or before June 30, 2011.**

Dated this 16th day of June, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge